Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK EVAL, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| Plaintiff, | 1. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| vs. | 2. INTERFERENCE AND RETAILIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT |
| CLARK COUNTY, a political subdivision, and municipality including its department, CLARK COUNTY SCHOOL DISTRICT, | 3. WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY |
| Defendant. | JURY DEMAND |

Plaintiff MARK EVAL ("Plaintiff" or "Eval") alleges as follows:

1. This action is brought pursuant to the Americans With Disabilities Act of 1990, *42 U.S.C. § 12101*, *et seq.* (hereinafter "ADA") as it involves a claim by Plaintiff for disability discrimination and failure to accommodate his disabilities and terminating him due to his disabilities in the workplace which is governed by the ADA.

2. This action is also brought pursuant the Family and Medical Leave Act of 1993, *29 U.S.C. § 2601, et seq.* (hereinafter "FMLA") and State of Nevada public policy making it illegal to

1

retaliate against an employee for filing a worker's compensation claim. Jurisdiction is predicated under these code sections as well as *28 U.S.C. § 1331* as this action involves a federal question.

3. At all relevant times, Defendant CLARK COUNTY, a political subdivision, and municipality including its department, CLARK COUNTY SCHOOL DISTRICT (hereinafter "Defendant" or "CCSD") employed fifteen (15) or more employees on each working day in each of 20 or more calendar weeks in the current or preceding calendar year from which the discrimination took place, and they are therefore subject to the provisions of the ADA.

4. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5. Plaintiff, Eval, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Logandale Vegas.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant CCSD.

7. CCSD is an employer within the meaning of *42 USC §12111(5)(A)*.

## EXHAUSTION OF REMEDIES

8. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on July 14, 2014, a copy of which is attached to Complaint as Exhibit "A".

## FIRST CAUSE OF ACTION

### (For Disability Discrimination and Failure to Accommodate under the ADA)

9. Plaintiff Eval incorporates the allegation set forth in paragraphs 1 through 8, inclusive, as if fully set forth herein.

10. On or about October 8, 2001, Plaintiff was hired by CCSD and at the time of his termination he held the position of Head Custodian I.

11. On April 23, 2012 Eval suffered an injury to his left leg and left calf at work when he tried to help a truck driver bring a pallet of paper weighing approximately 2,300 pounds into an entrance at the school he worked at. The pallet got stuck on the carpet in the entrance and when Eval helped the truck driver push the pallet into the entrance he heard a "pop" in his left calf and felt a sharp pain in the calf.

12. Eval was diagnosed with among other things, left calf sprain and strain, chronic left calf pain and eventually granted a permanent partial disability award of four (4%) percent on a full body basis.

13. From April 24, 2012 until July 18, 2012 Plaintiff was unable to work and was granted Family Medical Leave.

14. Effective August 1, 2012, Eval was approved for a Workers' Compensation Leave of Absence without pay.

15. On October 11, 2012, Plaintiff's treating physician released Eval back to full duty no restriction but Plaintiff did not get notification of this release back to work until October 18, 2012.

16. On October 22, 2012, Eval attempted to go back to work full duty, but was unable to use the backpack vacuum that straps onto your back to vacuum floors in the school. He was unable to use this vacuum because it weighted about 35 lbs. and resulted in Plaintiff being unable to keep his balance while using the vacuum.

17. Thereafter Eval applied for a Medical Leave of Absence without pay per Clark County School District Regulation 4351.

18. Then on November 7, 2012, Plaintiff received a letter from CCSD notifying him that he was involuntarily resigning and as such was being recommended for dismissal. Eval refused to sign this letter.

19. After Eval received the November 7, 2012 letter he called Connie McDuffie in the Human Resources and asked her why he received this letter given the fact that he already applied for a extended medical leave.

20. McDuffie told Eval to just ignore the letter because Plaintiff had already been approved for a extended medical leave.

21. On November 19, 2012, Eval received a letter from CCSD stating that he has been approved for a Medical Leave of Absence without pay per Clark County School District Regulation 4351 from October 23, 2012 through October 22, 2013.

22. Then inexplicitly, Plaintiff received a letter from CCSD dated December 5, 2012 saying that they were *not* going to modify the decision stated in CCSD's November 7, 2012 letter recommending his dismissal.

23. Plaintiff's disabilities could have been accommodated by not having him lift or push heavy objects and not having him walk or stand for extended periods of time or climb ladders.

24. Eval believes that his job as Head Custodian I could have been modified so that other custodians could have done these activities, as a accommodation to Plaintiff and his disabilities, without creating an undue hardship to CCSD.

25. Plaintiff further believes that he could have been given an alternative job with CCSD that met these restrictions, but Defendant failed to interact with Eval to see if a reasonable accommodation was possible by either job modification or finding him an alternative job.

26. Eval believes, alleges, and will prove at trial that Defendant has willfully failed to accommodate Plaintiff's disabilities, even though reasonable accommodations were possible without causing an undue hardship to CCSD.

27. Eval further believes, alleges, and will prove at trial that Defendant's decision to terminate Plaintiff was based on his disabilities and thus was in violation of the ADA.

28. As a direct, foreseeable, and legal result of the Defendant's disability discrimination including failure to accommodate Plaintiff's disabilities and terminating Eval's

employment because of his disabilities, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

29. As a further direct, foreseeable, and legal result of the Defendant's disability discrimination including failure to accommodate Plaintiff's disabilities and terminating Eval's employment because of his disabilities, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares and change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

30. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

31. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

32. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

**(For Interference and Retaliation**

**in Violation of the FMLA)**

33. Plaintiff Eval incorporates the allegations set forth in paragraphs 1 through 32, inclusive, as if fully set forth herein.

34. This cause of action is brought pursuant to FMLA as it involves a claim by Plaintiff for interference and retaliation in taking Family Medical Leave which is governed by the FMLA.

35. As set forth above Plaintiff was put on Family Medical Leave from April 24, 2012 until July 18, 2012.

36. Eval was also given a Medical Leave of Absence without pay per Clark County School District Regulation 4351 from October 23, 2012 through October 22, 2013.

37. Plaintiff believes and will prove that CCSD terminated Eval because he requested multiple leaves of absence and they did not want to hold Plaintiff position as Head Custodian I open to he was able to return to work from his disabilities.

38. As a direct and proximate result of Defendant violating Plaintiff's rights under the FMLA, Plaintiff Eval has suffered loss of income, including but not limited to past and future wages, benefits, expenses, insurance, loss of back pay, front pay, other consequential damages, pain and suffering and other damages to be proven at trial.

39. Defendant's violation of Plaintiff's rights under the FMLA were with deliberate indifference to such rights or were willful, entitling Plaintiff to an award of liquidated damages equal to double the amount of his actual damages.

40. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

41. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## THIRD CAUSE OF ACTION

**(For Tortious Discharge in Violation of State Public Policy -**

**Discharging Plaintiff for Filing a Worker's Compensation Claim)**

42. Plaintiff Eval incorporates the allegations set forth in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43. This cause of action is brought pursuant to the public policy of the State of Nevada making it against said policy to discharge or otherwise adversely affect an employee's employment in

retaliation for filing a claim for Worker's Compensation. See *Hansen v. Harrah's*, 675 P.2d 394 (1984); *Torre v. J.C. Penny Co.*, 916 F.Supp. 1029 (D. Nev. 1996).

44. As set forth above, on April 23, 2012 Eval suffered an injury to his left leg and left calf at work and thereafter was unable to return to full duty and instead required medical leave including a Workers' Compensation Leave of Absence until he was abruptly terminated, which became final on December 5, 2012.

45. Since the occurrence happened within the course and scope of Plaintiff's employment with CCSD, Plaintiff filed a worker's compensation claim.

46. Plaintiff believes, alleges, and will prove at trial that Defendant's decision to terminate Eval was because Plaintiff filed a worker's compensation claim and requested treatment and time off pursuant to the worker's compensation laws and other leave statutes.

47. As a direct, foreseeable, and legal result of the Defendant terminating Plaintiff's employment because he filed a worker's compensation claim, Eval has suffered and continues to suffer, substantial losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

48. As a direct, foreseeable, and legal result of the Defendant terminating Plaintiff's employment because he filed a worker's compensation claim, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

49. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

50. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

51. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Eval demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of here are a violation of ADA, FMLA and Nevada public policy;

2. Enjoining and permanently restraining the violations by Defendant of the ADA, FMLA and Nevada public policy;

3. For overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For liquidated damages under the FMLA as an additional amount equal to the sum of actual damages and interest;

5. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

6. For punitive damages;

7. For attorney's fees and costs in an amount determined by the court to be reasonable;

8. For pre-judgment interest on all damages; and

9. For any other and further relief that the Court considers proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 10/11/2014          LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141

# EXHIBIT A

EEOC Form 161 (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mark Eval<br>Po Box 1764<br>Overton, NV 89040 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2013-01012 | Michael Mendoza, Investigator | (702) 388-5057 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*/s/ Amy Burkholder*
Amy Burkholder,
Local Office Director

JUL 14 2014
*(Date Mailed)*

Enclosures(s)

cc: Thomas Rodriguez
Executive manager, CCSD
DIVERSITY & AFFIRMATIVE ACTION PROGRAM
1415 Whipple Ave
Logandale, NV 89021