UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK EVAL, | Case No. 2:14-CV-1672 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY, et al., | |
| Defendant(s). | |

Presently before the court is defendant Clark County School District's motion to dismiss. (Doc. # 6). Plaintiff Mark Eval has filed a response (doc. # 12), and defendant has filed a reply (doc. # 15).

**I.    Background**

Defendant Clark County School District ("CCSD") employed plaintiff as a custodian. (Doc. # 1 at 3). On April 23, 2012, plaintiff injured his leg at work when he attempted to help a truck driver move a pallet of paper. (Doc. # 1 at 3).

While moving the pallet, plaintiff heard a "pop" in his left calf and felt a sharp pain. (Doc. # 1 at 3). Plaintiff's treating physician diagnosed him with a left calf sprain and strain, chronic calf pain, and at some point granted plaintiff a 4 percent disability award. (Doc. # 1 at 3.)

Plaintiff was unable to work from April 24, 2012, through July 18, 2012. (Doc. # 1 at 3). CCSD granted him leave under the Family Medical Leave Act ("FMLA"). On August 1, 2012, CCSD approved plaintiff for a workers' compensation leave of absence without pay. On October 11, 2012, plaintiff's treating physician "released him back to full duty no restriction" status. (Doc. # 1 at 3). Plaintiff did not receive notification of his release to return to work until October 18, 2012. (Doc. # 1 at 3).

**James C. Mahan**
**U.S. District Judge**

Plaintiff attempted to return to work on October 22, 2012. (Doc. # 1 at 3). He alleges that he was unable to use the thirty-five pound backpack vacuum his job requires him to use to vacuum the floors in the school. (Doc. # 1 at 3). Plaintiff asserts that the weight of the vacuum resulted in him being unable to keep his balance while carrying it on his back. (Doc. # 1 at 3).

Because plaintiff could not perform his custodial duties, he applied for an additional medical leave of absence, without pay, under CCSD regulation 4351. (Doc. # 1 at 3). It is unclear whether plaintiff received confirmation of or approval for this requested leave. On November 7, 2012, plaintiff received a letter from CCSD notifying him that he was involuntarily resigning and was being recommended for dismissal. (Doc. # 1 at 3).

Plaintiff called Connie McDuffie, a human resources officer, to inquire about why he had received the letter regarding involuntary resignation, since he had applied for extended medical leave. (Doc. # 1 at 4). McDuffie told plaintiff to just ignore the letter because his leave had been approved. (Doc. # 1 at 4). On November 19, 2012, plaintiff received a letter from CCSD stating that his medical leave had been approved per CCSD regulation 4351 from October 23, 2012, through October 22, 2013.

Later, plaintiff received a letter from CCSD dated December 5, 2012, saying that they had decided to stand by the November 7, 2012, letter informing him of his involuntary resignation and recommending his dismissal. (Doc. # 1 at 4).

Plaintiff filed a complaint before this court on October 11, 2014. (Doc. # 1). Plaintiff alleges three causes of action: (1) disability discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"); (2) interference and retaliation in violation of the FMLA; and (3) tortious discharge in violation of Nevada state public policy for discharging plaintiff for filing a workers' compensation claim. (Doc. # 1 at 2, 5-6).

**II.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

James C. Mahan
U.S. District Judge

- 2 -

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint. *Id.* at 1950. However, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported by only conclusory statements, do not suffice. *Id.* at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id.* (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III. Discussion

Defendant asks the court to dismiss plaintiff's ADA and FMLA claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant

1  requests that, if the court dismisses the ADA and FMLA claims, it decline to exercise jurisdiction
2  over the state law claim.

   *A.  ADA failure to accommodate*

   For plaintiff to establish a prima facie case under the ADA that CCSD failed to accommodate his disability, he must demonstrate that (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).

   A disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(1).  A person is impaired under the ADA if the impairment "limit[s] a major life activity, and the limitation on the major life activity [is] substantial."  *EEOC v. U.S. Parcel Serv., Inc.*, 306 F.3d 794, 801 (9th Cir. 2002).

   Major life activities are defined as important living functions such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).  Finally, a person's major life activities are "substantially limited" if that person is unable to perform a major life activity or is "significantly restricted" in his or her ability to do so compared to the "average person in the general population."  29 C.F.R. § 1630.2(j).

   Defendant argues that the complaint acknowledges that plaintiff's "treating physician released [him] to full duty [with] no restriction" on October 11, 2012.  (Doc. # 1 at 3).  Because plaintiff's physician signed a release allowing plaintiff to work "full duty" without any physical restrictions, defendant asserts that plaintiff cannot establish that he is disabled within the meaning of the ADA.  (Doc. # 6 at 5).

   Plaintiff does not directly discuss in his response why he is "disabled" under the ADA. Plaintiff states that he injured his leg while working and asserts that he "was unable to perform the job because of his inability to lift the backpack vacuum due to his disability."  (Doc. # 12 at 7). Therefore, plaintiff asserts that defendant violated his rights under the ADA when it refused to grant his additional medical leave absences without pay under CCSD regulation 4351.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1 　　　　The court must rule on defendant's motion to dismiss solely on the facts contained in
2 plaintiff's complaint.  The court finds that plaintiff has adequately stated a claim for failure to
3 accommodate under the ADA.  Plaintiff alleges that he has a leg injury that causes him "chronic
4 left calf pain."  (Doc. # 1 at 3).  Though plaintiff's doctor signed a release allowing him to return
5 to full duty with no restrictions, once plaintiff returned to work, he was unable to use a backpack
6 vacuum because of his alleged disability.

7 　　　　Plaintiff alleges that his life has been substantially impaired as a result; that he could have
8 continued his job as a custodian had CCSD modified his duties to exclude vacuuming and
9 potentially other activities; and that CCSD pursued his termination even though his request for
10 additional unpaid medical leave had been approved per CCSD regulation 4351.  Based on the
11 liberal pleading standard required for a plaintiff to state a claim, the court finds that plaintiff has
12 stated a valid claim for failure to accommodate under the ADA.

13
14 　　　　*B. FMLA interference and retaliation*

15 　　　　FMLA provides job security to employees who must be absent from work up to twelve
16 weeks because of serious health conditions. 29 U.S.C. § 2612.  It is a violation of FMLA for an
17 employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise any right
18 provided under [this act]."  29 U.S.C. § 2615.

19 　　　　Courts have recognized two separate causes of action on FMLA claims: (1) retaliation or
20 discrimination and (2) interference. *See Sanders v. City of Newport,* 657 F.3d 772, 777 (9th. Cir.
21 2011).  However, the Ninth Circuit construes "complaints alleging adverse employment actions
22 taken against employees because they have used FMLA leave" as "claims of interference" rather
23 than "claims of retaliation or discrimination." *Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112,
24 1124 (9th Cir. 2001).  Thus, to state a claim for FMLA interference, a plaintiff must demonstrate
25 that (1) plaintiff took FMLA leave, (2) defendant subjected the employee to an adverse
26 employment action, and (3) the adverse action was causally linked to the FMLA leave. *Id.* at 1124-
27 25.
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

Here, plaintiff has adequately alleged an FMLA interference claim. First, plaintiff has alleged that he requested and was granted FMLA medical leave due to a serious medical condition. (Doc. # 1 at 3).

Second, plaintiff has alleged that he suffered adverse employment actions, including notification that CCSD considered plaintiff to be involuntarily resigning and was being recommended for dismissal. (Doc. # 1 at 3). Further, after plaintiff's additional medical leave had been approved based on CCSD regulation 4351, CCSD informed plaintiff that they would still be following through with his involuntary resignation and recommendation of dismissal. (Doc. # 1 at 4). Additionally, plaintiff has alleged that he was ultimately terminated on December 5, 2012. (Doc. # 1 at 7).

Third, plaintiff has alleged CCSD's decision to uphold its determination that plaintiff had involuntarily resigned was retaliation for exercising his FMLA rights and receiving approval for additional medical leave under CCSD regulation 4351. (Doc. # 1 at 4, 6). The court can easily infer a causal link between the FMLA leave and adverse action. Thus, plaintiff has adequately stated a claim for FMLA interference.

*C. Tortious discharge in violation of state public policy*

Since the court is not dismissing plaintiff's ADA or FMLA claims, the court will retain jurisdiction over plaintiff's state law claim for tortious discharge.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Clark County School District's motion to dismiss (doc. # 6) be, and the same hereby is, DENIED.

DATED March 17, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -