UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK EVAL, | Case No. 2:14-CV-1672 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY, et al., | |
| Defendant(s). | |

Presently before the court is defendant Clark County School District's ("the District") motion for summary judgment. (ECF No. 33). Plaintiff Mark Eval ("Eval") filed a response (ECF No. 36), and the District filed a reply. (ECF No. 39).

**I.   Background**

This is an action alleging disability discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"), interference and retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"), and tortious discharge in violation of state public policy. (ECF No. 1 at 2–6). Eval alleges that he was discriminated against for his disability by the District and that it failed to accommodate his known disability. (*Id.* at 3–5). Also, Eval alleges that the District terminated his employment in violation of both the FMLA and state public policy. (*Id.* at 6–7).

Eval was hired by the District in 2001, began working at Bowler Elementary School as a custodian in 2003, and became the head custodian in 2005. (ECF No. 1 at 3; ECF No. 33 at 3). Prior to the incidents of this case, Eval had filed worker's compensation claims in 2002, 2008, and 2010. (*Id.* at 5).

**James C. Mahan**
**U.S. District Judge**

On April 23, 2012, Eval injured his left leg and calf at work while attempting to help a truck driver move a pallet of paper into the school. (ECF No. 1 at 3). Eval was diagnosed with a left calf sprain and strain. (*Id.* at 3). After the injury, Eval applied for and was granted FMLA leave; he exhausted his FMLA leave on July 18, 2012. (ECF No. 33 at 5). As he was still not released to return to work, Eval was granted worker's compensation leave effective August 1, 2012. (ECF No. 1 at 3).

On October 11, 2012, Eval's treating physician, Dr. Reed, determined he was now "medically stable" and able to return to "full duty work." (ECF No. 33 Exhibit 7). Eval did not return to work until October 22, however, when he attended a required training exercise. (ECF No. 36 at 5). Eval was unable to complete the training exercise. (*Id.*). Eval attempted, but was unable, to put on a vacuum backpack and could not finish the exercise. (*Id.*).

On October 26, 2012, Eval received a warning document from the District noting that his "performance is seriously below standard and must improve." (ECF No. 33-2, Exh. 27). The document detailed his absences from work and then noted that "a repeat of this misconduct or your failure to improve may result in further discipline and/or an unsatisfactory appraisal report." (*Id.*).

Then on November 7, 2012, Eval received a letter from Pledger Soloman ("Soloman"), the assistant principal, accepting Eval's involuntary resignation from employment with the District.[1] (ECF No. 36 at 5). Soloman's letter also recommended dismissal. (*Id.*). The letter detailed that there would be a hearing on December 5, at which Eval could respond to this recommendation. (*Id.*).

Eval then applied for a medical leave of absence on November 12, 2012. (*Id.*). The District approved this leave of absence request on November 16, 2012, for a leave of absence extending from October 23, 2012, to October 22, 2013. (*Id.*). This information was conveyed to Eval in a

---

[1] Regulation 4360 (IV) states: "An employee's absence for five (5) consecutive days without notification to the immediate administrative supervisor or administrator and approval of the immediate administrative supervisor shall constitute an involuntary resignation effective the first day of absence. An intent to process an employee's involuntary resignation will be brought to an employee's attention in writing." As Eval was absent from work on October 15, 16, 17, 18, and 19, 2012, Pledger Soloman's November 7 letter represents his "acceptance" of Eval's involuntary resignation. There is no evidence that Eval actively resigned or indicated a desire to resign.

James C. Mahan
U.S. District Judge

- 2 -

letter from the District on November 19, which formally approved his medical leave of absence. (*Id.* at 5–6).

The December 5 hearing still took place, and neither Eval nor a representative for Eval was in attendance. (*Id.* at 6). Accordingly, the District found the evidence presented at this hearing insufficient to change the November 7 recommendation and formalized the decision to dismiss Eval from his employment. (*Id.*).

On December 19, 2012, Eval, through his authorized representative, notified the District that he would be appealing his suspension. (ECF No. 36, Exh. J). Eval then withdrew this request on March 6, 2015. (*Id.*, Exh. K).

Eval initiated the instant case by filing a complaint on October 11, 2014, in this court. (ECF No. 1). The complaint alleges three causes of action: (1) disability discrimination and failure to accommodate under the ADA; (2) interference and retaliation in violation of the FMLA; and (3) tortious discharge in violation of state public policy. (ECF No. 1 at 1).

The District now moves for summary judgment on all three causes of action. (ECF No. 33 at 25–26).

**II.     Legal Standard**

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

**James C. Mahan**
**U.S. District Judge**

- 3 -

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

　A. *Abandonment of claims two and three*

While Eval initially alleged three causes of action in the complaint, his response to

the District's motion for summary judgment argues in support of his first cause of action only: disability discrimination and failure to accommodate under the ADA. (ECF No. 36). Further, Eval states in his response that he will no longer be pursuing either of the other two claims and "consents to the dismissal of both claims forthwith." (ECF No. 36 at 18–19).

In order for Eval to satisfy the requirements for a voluntary dismissal, he must file "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1). As Eval did not provide notice of dismissal prior to the District's motion for summary judgment and there is no stipulation of dismissal that has been signed by all the parties, these claims may be dismissed by court order only. FED. R. CIV. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

Defendant does not object to dismissal of the claims. (ECF No. 39 at 2). Accordingly, the court dismisses Eval's claims for interference and retaliation in violation of the FMLA and tortious discharge in violation of state public policy. (ECF No. 36 at 18–19).

B. *ADA claim for disability discrimination and failure to accommodate*

Eval alleges that the District terminated him in violation of the ADA by not engaging in an interactive process with him to find a reasonable accommodation for his disability prior to terminating him. (ECF No. 1 at 4). Eval claims that the District had a duty to interact with him to find a reasonable accommodation and that they violated this duty by terminating him without first engaging in an interactive process. (ECF No. 36 at 9–12).

The District contends that the plaintiff's claim lacks merit because the ADA does not require an employer to keep an employee who cannot perform essential job functions. (ECF No. 39 at 6–7). Furthermore, the District argues that Eval's recommendations for accommodations were not in fact reasonable, and thus the District did not violate a duty by not providing any of the proffered accommodations. (*Id.* at 11–20).

In order to establish a case for failure to accommodate under the ADA, the employee must prove that: (1) he is disabled; (2) he is a qualified individual; and (3) a reasonable accommodation

James C. Mahan
U.S. District Judge

- 5 -

is possible without undue hardship to the employer. *See Barnett v. U.S. Airways*, 228 F.3d 1105, 1110–11 (9th Cir. 2000). A qualified individual is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

For the purposes of summary judgment, the parties do not argue whether Eval was in fact disabled or a qualified individual; the argumentation focuses on whether the requested (and approved) medical leave of absence would have been a reasonable accommodation. (ECF Nos. 36, 39). While the parties focus their briefing on this issue, the court finds a different issue dispositive for the purposes of evaluating this motion for summary judgment.

Once it is determined that the individual is disabled and is a qualified individual for the role, the employer may have a duty "to engage in an interactive process with employees in order to identify and implement appropriate reasonable accommodations." *Barnett*, 228 F.3d at 1111. The onus is not completely on the employee to notify the employer of its need for an accommodation; rather, this interactive process becomes a duty for the employer "either by a request for accommodation by a disabled employee or by the employer's recognition of the need for such an accommodation." *Id.* at 1112.

In fact, an "employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations" if it is aware that the employee needs such accommodations. *See Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001).

The court thus turns first to the question of whether the District had a duty to engage in an interactive process and whether it breached that duty. *See Humphrey*, 239 F.3d at 1137. In the response, Eval argues that the District had a duty to engage in the interactive process because the District had been made aware of his disability and his need for accommodation. (ECF No. 36 at 9–12).

The District argues that there is "no independent ADA liability for failing to engage in the interactive process." (ECF No. 39 at 6). In support, it cites *Barnett* and the following language: "employers, who fail to engage in the interactive process in good faith, face liability for the

remedies imposed by the statute if a reasonable accommodation would have been possible." (*Id.* at 7). The District focuses on the reasonability of Eval's proposed accommodations, but this focus ignores important language: "fail to engage in the interactive process *in good faith*." *Barnett*, 228 F.3d at 1116 (emphasis added).

If the employer does not engage in the interactive process in good faith, then the reasonability of the accommodation does not enter into the calculus. As Eval correctly cites in his response, the same court in *Barnett* found that "summary judgment is only available where there is no genuine dispute that the employer has engaged in the interactive process in good faith." *Barnett*, 228 F.3d at 1116. As a result, this court must consider the factual information put forth by both Eval and the District and determine if there is a genuine issue of material fact as to whether the District engaged in the interactive process in good faith.

The first question then is whether there is a genuine issue of material fact with respect to whether the District was aware there was a need for reasonable accommodations, triggering its duty to engage in an interactive process. *See Barnett*, 228 F.3d at 1112. Eval had been out of work since April 2012, due to the injury he sustained to his left calf. (ECF No. 36 at 4–5). The District then received confirmation from his doctor, Dr. Reed, on October 11, 2012, that he was medically cleared to return to full duty. (ECF No. 36, Exh. D). Thereafter, the District expected him to be in the office and considered him absent without leave until he attended the required training session on October 22, 2012. *See* (ECF No. 36, Exh. E).

Eval was unable to complete this required training session because he was unable to use the backpack vacuum cleaner. (ECF No. 36 at 5). In an email from Soloman to Mollie Lyman, Assistant Director of Employee Management Relations, Soloman states that another employee, "Todd from Operations," told him that "[Eval] showed up to training yesterday **sporting a cane** and could not put on the vacuum backp[a]ck." (ECF No. 36-2, Exh. B at 2) (emphasis in original). Soloman then recounts that "Todd from Operations" told Eval "that he couldn't complete the training without another doctor's note." (*Id.*).

As stated above, the court's function at summary judgment is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*

**James C. Mahan**
**U.S. District Judge**

- 7 -

477 U.S. at 249. Here, there is evidence that the District was aware that Eval was unable to complete his required training because of his inability to use a backpack. The District was further aware that this occurred immediately after Eval had been cleared medically by his doctor to return to work following a leg injury that required him to miss six months of work.

Further, the record contains a letter dated November 6, 2012, the day before the recommendation for involuntary resignation letter was sent, that clearly shows Eval requested a second medical opinion on his injury and that the District had already scheduled this appointment for him. (ECF No. 33, Exh. 8). Without making a credibility determination, it appears to the court that Eval presented an issue requiring medical review and that the District was aware of Eval's physical inability to complete the training session. *See* (ECF Nos. 33, Exh. 8; 36, Exh. B). Moreover, while he did receive clearance to return to full duty, the training session on October 22, 2012, was still his first day reporting to duty.

It is thus difficult to take seriously the District's argument that it did not have any idea that Eval may have had a potential issue related to his injury, which had kept him out of work for eight months, when he returned to work and immediately failed to perform duties based on the same physical inability. For the above reasons, the court finds that there is a genuine issue of material fact whether the District had a duty to engage in the interactive process to determine a reasonable accommodation for Eval.

Having found that there is a genuine issue of material fact, the court further considers the factual evidence regarding whether the District did in fact engage in an interactive process. Here, the evidence shows that the District, after being made aware of Eval's issue at the training session, initiated only two more contacts with Eval: the October 26 warning letter and the November 7 letter recommending his involuntary resignation. (ECF No. 33-2, Exhs. 27, 28). The only other contact that the record contains, as described above, is the November 6 grant of his appointment to seek a second medical opinion. (ECF No. 33, Exh. 8).

The District has not proffered any evidence to demonstrate that it engaged with Eval in an interactive process to determine a reasonable accommodation to his injury. In fact, it appears that the sequence of events was as follows: Eval had to leave the training session, received a warning,

James C. Mahan
U.S. District Judge

- 8 -

requested and was granted a second-opinion appointment for his injury, and then the school recommended his dismissal. The record does not appear to contain any evidence that the District, after Eval's inability to complete the training exercise and request for a medical opinion, engaged in any interactive process to find a reasonable accommodation. There is, thus, a genuine issue of material fact whether or not the District engaged Eval in an interactive process to determine a reasonable accommodation for his disability.

The District contends that their dismissal of Eval had nothing to do with his disability and instead was due to his absence from work after being medically cleared on October 11. *See* (ECF No. 33, Exh. 28) (stating that Eval's being "absent without authorized leave" was the reason for the dismissal recommendation). Under sworn affidavit, Eval contends that he did not receive confirmation that he was cleared until October 18. (ECF No. 36-1 at 2). This factual dispute over when Eval was told he could return to work and when the District contends they expected him to be returning requires a credibility determination by a jury and is not a matter of law for the court to decide.

The court thus finds that there are genuine issues of material fact regarding both whether the District had knowledge that Eval had workplace difficulties as a result of his disability, triggering a duty to engage, and, if so, whether the District engaged in the interactive process once it had this knowledge. Defendant's motion for summary judgment is therefore denied.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant Clark County School District's motion for summary judgment (ECF No. 33) be, and the same hereby is, DENIED.

DATED July 21, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge